[820 NYS2d 638]

In the Matter of ROBERT A. SHUSTER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 29, 2006

### APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Robert A. Shuster*, Smithtown, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The petition, dated September 22, 2004, contains 12 charges of professional misconduct. The respondent served an answer dated January 21, 2005, denying most of the allegations. Preliminary hearings were held before a Special Referee on February 10, 2005, March 3, 2005, and March 18, 2005. At the hearing on May 12, 2005, the respondent appeared pro se and affirmed his amended answer in which he essentially admitted most of the factual allegations in the petition, but denied engaging in any misconduct. The petitioner submitted 20 exhibits into evidence and presented two witnesses. The respondent testified on his own behalf and submitted two exhibits into evidence. The Special Referee sustained all 12 charges, and the petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent opposes the motion and requests that the charges be dismissed.

The charges emanate from the respondent's failure to maintain the requisite records for his escrow accounts, his failure to place escrow money into a proper account, his misuse of escrow money for his own benefit, and his loan to a client without a written agreement and without advising the client to seek the advice of independent counsel.

Charge One alleges that the respondent violated Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46, 1200.3) by failing to fulfill his fiduciary duties and preserve funds entrusted to him in escrow. In or about February 2000 the respondent represented Kerry Schindler and Michael Schindler, his daughter and son-in-law, when they sold certain real property to Kathleen Liotta. On or about February 22, 2000, the respondent received a check in the sum of $25,000 from Ms. Liotta, as a down payment to be held in escrow pursuant to the terms of the contract of sale. The down payment was deposited in respondent's IOLA account on February 29, 2000. The closing of title occurred on November 7, 2000. Between the date of deposit and the closing date, the respondent failed to preserve the Schindler down payment as evidenced in the following balances in the respondent's IOLA account reflected in the bank statements for that period of time:

| | |
|---|---|
| April 28, 2000 | $261.59 |
| May 31, 2000 | $ 61.66 |

Charge Two alleges that the respondent violated Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46, 1200.3) by failing to fulfill his fiduciary obligations and to preserve funds entrusted to him in escrow. In or about October 2000 the respondent represented Concetta Mifsud with respect to her sale of real property to EJP Realty Associates, LLC. On or about October 13, 2000, the respondent received a down payment in the sum of $50,000 by check from the purchaser's attorney to be held by him in escrow pursuant to the terms of the contract of sale. The down payment was deposited in the respondent's IOLA account on October 13, 2000, as reflected in the bank statement for that account. On or about February 15, 2001, prior to the closing, Concetta Mifsud assigned her rights to her portion of the property to her daughter, Diana Mifsud. The respondent was retained to represent Diana Mifsud for the sale of the property and a related partition action involving the property. In or about August 2002, prior to the closing, Diana Mifsud retained Michael Levy to represent her in the sale of the property and the partition action. The closing of title occurred on September 19, 2002, at which time the seller was entitled to receive the down payment.

On or about September 23, 2002, the respondent received a letter from Mr. Levy requesting that the respondent return the $50,000 down payment. Annexed to the letter was the purchas-

er's authorization, dated September 19, 2002, to release the down payment. The respondent returned only $12,075 of the $50,000 down payment, by issuing an IOLA check dated December 6, 2002, payable to Diana Mifsud. This check was posted on the respondent's IOLA account on January 28, 2003, as reflected in the bank statement. The respondent failed to preserve the Mifsud down payment between the deposit date, October 13, 2000, and the date his IOLA check was paid by the bank, January 28, 2003, as evidenced by the following balances reflected in the bank statements:

| | |
|---|---|
| November 30, 2000 | $48,270.53 |
| October 31, 2001 | $ (-) 12.53 |

Charge Three is predicated upon the factual allegations of Charge Two and further alleges that the respondent violated Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46), by misappropriating client funds for his personal use, without consent. The respondent withdrew the sum of $32,925 from the $50,000 Mifsud down payment for his legal fees, without the consent of his client, Diana Mifsud, or of the purchaser.

Charge Four is predicated upon certain factual allegations of Charge Two, and further alleges that the respondent violated Code of Professional Responsibility DR 5-104 (a) (2) and (3) (22 NYCRR 1200.23) by entering into a business transaction with his client without properly obtaining the client's consent, after full disclosure, to the terms of the transaction. On or about January 10, 2002, the respondent entered into a business contract with his client Diana Mifsud by lending her the sum of $5,000, without advising her to seek the advice of independent counsel, and without obtaining her consent in writing to the terms of the transaction. The loan was effectuated by the respondent issuing a check dated January 10, 2002, from his operating account, made payable to Diana Mifsud, which was posted on his operating account January 14, 2002, as reflected in the bank statement.

Charge Five alleges that the respondent violated Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46, 1200.3) by failing to fulfill his fiduciary obligations and preserve funds entrusted to him in escrow. In or about October 2000 the respondent represented Armand Regateiro III, James Regateiro, and Armand Regateiro with respect to their sale of real property to Island Properties, LLC. On

or about October 2, 2000, the respondent received a down payment in the sum of $73,500 from the purchaser by check dated October 2, 2000, to be held in escrow pursuant to the terms of the contract of sale. The Regateiro down payment was deposited in the respondent's IOLA account on October 4, 2000. The closing of title occurred on November 20, 2000. The respondent failed to preserve the Regateiro down payment between the deposit date, October 4, 2000, and the closing date, November 20, 2000, as evidenced by the following balances in his IOLA account, as reflected in the bank statement:

| | |
|---|---|
| November 9, 2000 | $66,562.62 |
| November 10, 2000 | $64,972.62 |

Charge Six alleges that the respondent violated Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46, 1200.3) by failing to fulfill his fiduciary obligations and to preserve funds entrusted to him in escrow. In or about May 2001 the respondent represented the Catherine T. Cotter Living Trust (hereinafter the Trust). On May 22, 2001, he received a check in the sum of $596,469.71 from the Trust to be held by him in escrow until proper disbursement. On May 23, 2001, the $596,469.71 check deposit was posted on the respondent's IOLA account. On June 1, 2001, the respondent received a check in the sum of $718,491.97 from the Trust to be held by the respondent in escrow until proper disbursement. The check was posted on the respondent's IOLA account on June 5, 2001. No money was disbursed from the above-referenced Trust deposits in the respondent's IOLA account prior to June 18, 2001. From June 5, 2001, through June 17, 2001, the respondent should have maintained and preserved, at a minimum, a balance in his IOLA account in the sum of $1,314,961.68 for the benefit of the Trust. The respondent failed to preserve the Trust's deposits as evidenced by the following balance, as reflected in the bank statement:

| | |
|---|---|
| June 11, 2001 | $1,305,850.99 |

Charge Seven alleges that the respondent violated Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46, 1200.3) by failing to fulfill his fiduciary obligations and preserve funds entrusted to him in escrow. In November 2002 the respondent represented Thomas Lyon and April Lyon, defendants in an action brought by the Bank of New York. On or about November 18, 2002, the respondent

received a check in the sum of $20,000 from April Lyon. He was to hold $10,000 in escrow for the purpose of satisfying a judgment and it was deposited in his IOLA account on November 18, 2002. The remaining $10,000 was deposited in the respondent's operating account on November 18, 2002. The respondent drew two checks against his IOLA account which were presented and debited against the account as follows with respect to a real estate closing wholly unrelated to the Lyon matter: check No. 1269, dated November 18, 2002, $400—posted November 25, 2002—and check No. 1272, dated November 18, 2002, $7,289—posted November 22, 2002. As a result of the above-referenced checks being paid by the bank, the balance in the respondent's IOLA account on November 29, 2002 was $2,626.24, as reflected in the bank statement.

Charge Eight alleges that the respondent violated Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46) by failing to promptly deposit funds belonging to his client into a duly constituted special account. In or about May 2002 the respondent represented Elizabeth Nelson, when she sold certain real property located in Cambria Heights to Vivian Campbell. The contract of sale dated May 23, 2002, provided for a down payment in the sum of $22,500 to be held in escrow by the respondent. On or about May 20, 2002, the respondent received a check in the sum of $5,000 from the purchaser for the initial down payment, to be held by the respondent in escrow. The $5,000 check was deposited by the respondent into his operating account on May 22, 2002. The respondent received the balance of the Nelson down payment by check dated May 21, 2002 in the sum of $17,500. The $17,500 was deposited by the respondent into his operating account on May 29, 2002.

Charge Nine alleges that the respondent violated Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46) by failing to promptly deposit funds belonging to his client into a duly constituted special account. In or about May 2002 the respondent represented Magnus J. Hansen, Elizabeth A. Hansen and Nilla J. Hansen, as sellers, in the sale of real property located in Bayville to Jeffrey P. Bourke and Caroline Bourke, as purchasers. On or about May 29, 2002, the respondent received from the purchasers and was entrusted as a fiduciary, the sum of $27,500, as a down payment to be held by him in escrow pursuant to the terms of the contract of sale. The $27,500 down payment was deposited by the respondent into his operating account on May 31, 2002.

Charge Ten alleges that the respondent violated Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46) by failing to promptly deposit funds belonging to his client into a duly constituted special account. In or about September 2002 the respondent represented John M. Comack and Kathleen B. Comack in selling a cooperative apartment located in Bayside to Edward Molina, as purchaser. On or about September 9, 2002, the respondent received from the purchaser a check in the sum of $10,000 for the down payment to be held by the respondent in escrow pursuant to the terms of the contract of sale. The respondent deposited the Comack down payment in his operating account on September 16, 2002.

Charge Eleven alleges that the respondent violated Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46) by converting client funds entrusted to him as fiduciary for his personal use, without the consent of his client. On or about November 3, 2000, the respondent issued a certified check in the sum of $62,000 from his IOLA account payable to "Jerri A. Cerino As Attorney." This check was for the respondent's personal use and was drawn against funds belonging to other clients. The respondent failed to obtain the consent of any client against whom the check was drawn. The check was posted on the respondent's IOLA account on November 3, 2000.

Charge Twelve alleges that the respondent violated Code of Professional Responsibility DR 9-102 (d) (1) and (2) (22 NYCRR 1200.46) by failing to maintain all required bank and bookkeeping records for the IOLA account for the period from February 1, 2000, through December 31, 2002. The respondent failed to maintain a record or ledger book for his IOLA account showing the source of all funds deposited therein, the names of all persons for whom funds were held, the amount of such funds, and the descriptions, amounts, and names of all persons to whom such funds were disbursed. The respondent failed to maintain all checkbooks and check stubs, bank statements, cancelled checks, and duplicate deposit tickets for the IOLA account.

We hold that in view of the respondent's own admissions, both under oath and in the pleadings, along with the evidence adduced, the Special Referee properly sustained all 12 charges against him.

In determining an appropriate measure of discipline to impose, the petitioner points out that Diana Mifsud never recovered the $32,925 misappropriated by the respondent. Also,

the petitioner maintains that inasmuch as the respondent was previously issued a letter of caution regarding the same misconduct, he cannot now claim that he was not aware that it is improper to withdraw legal fees from funds in escrow without proper authorization.

The petitioner reports the following disciplinary history regarding the respondent. On December 20, 1996, he was issued a dismissal with advisement that he "hereafter ensure the availability of client funds before issuing escrow checks." On November 16, 1984, he was issued a letter of caution for improperly deducting his legal fee from escrow funds without the consent of the parties to the escrow.

By way of mitigation, the respondent claims that he is an honest, caring, and trustworthy attorney. He argues that he cooperated with the investigation and even traveled to the state of Arizona to secure bank statements and files that were not readily available for production. He reiterates the circumstances giving rise to each of the charges and submits four affidavits from individuals who have known him for some time and who each attest to his honesty, integrity, and good character.

Notwithstanding the respondent's explanations for his actions, under the totality of circumstances and based upon his repeated conversion of funds and breach of his fiduciary obligations, he is suspended from the practice of law for a period of five years.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and MASTRO, JJ., concur.

Ordered that the motion is granted; and it is further,

Ordered that the respondent, Robert A. Shuster, is suspended from the practice of law for a period of five years, commencing September 29, 2006, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said five-year period upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable provisions of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the

respondent, Robert A. Shuster, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Robert A. Shuster, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).